**UNITED STATES of America**

v.

**Arsenio RODRIGUEZ,
et al., Defendants.**

**No. 07 Cr. 1150 (VM).**

United States District Court,
S.D. New York.

Oct. 10, 2008.

Michael Quinn English, Telemachus Philip Kasulis, U.S. Attorney's Office, New York, NY, for Plaintiff.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

The Government moved *in limine* :

(1) to allow the Government to offer evidence that FNU LNU a/k/a Arsenio Rodriguez ("Rodriguez") possessed fraudulent identification documents and used a fake name as direct proof of the robbery conspiracy at issue in this case as well as Rodriguez's consciousness of guilt;

(2) with regard to arrests of the defendants on charges that were subsequently dismissed, to preclude the defense from eliciting evidence or making any arguments regarding the outcome of those cases;

(3) to allow the Government to offer statements of Manuel Melo's ("Melo's") co-conspirators regarding his role as a tipster; and

(4) to preclude the defense from eliciting any evidence or making any arguments regarding the post-arrest statements of Rodriguez on April 28, 2004 or of Melo on June 24, 2004;

For the reasons stated by the Court on the record at the conference with the parties on October 10, 2008, a copy which is enclosed, the Government's in limine requests 2, 3, and 4, are GRANTED and request 1 will be decided on the record on October 14, 2008.

**SO ORDERED.**

### STATEMENT OF THE COURT RE-GARDING THE GOVERNMENT'S MOTION *IN LIMINE*

The Court has received an *in limine* motion from the Government in the matter of *United States v. FNU/LNU a/k/a Arsenio Rodriguez, et al.* The motion requests that the Court:

(1) allow the Government to offer evidence that FNU LNU a/k/a Arsenio Rodriguez ("Rodriguez") possessed fraudulent identification documents and used a fake name as direct proof of the robbery conspiracy at issue in this case

as well as Rodriguez's consciousness of guilt;

(2) with regard to arrests of the defendants on charges that were subsequently dismissed, to preclude the defense from eliciting evidence or making any arguments regarding the outcome of those cases;

(3) allow the Government to offer statements of Manuel Melo's ("Melo's") co-conspirators regarding his role as a tipster; and

(4) preclude the defense from eliciting any evidence or making any arguments regarding the post-arrest statements of Rodriguez on April 28, 2004 or of Melo on June 24, 2004;

The Government's motion with respect to the possession of fraudulent documents will be decided on Tuesday, October 14, 2008. The Government's motion with respect to the dismissed charges is **GRANTED**. The Government's motion with respect statements of Melo's co-conspirators is **GRANTED**. The Government's motion with respect to the post-arrest statements is **GRANTED**.

As a preliminary matter, the Court notes that Melo did not submit any opposition to the Government's in limine motion, and therefore, the Court assumes that Melo does not oppose the motion.

## I. DISMISSED CHARGES

The Government moves in limine to preclude Defendants from introducing evidence about or otherwise eliciting or referring to the outcome of Defendants' prior arrests where local or federal authorities dismissed charges against them. For Rodriguez, this includes evidence regarding (1) the Queens County District Attorney's dismissal of Rodriguez's indictment of robbery, for which he was arrested on April 28, 2004; and (2) the United States Attorney's Office's dismissal of the criminal complaint against Rodriguez for the same incident. For Melo, this includes evidence regarding the dismissal of charges against him stemming from his June 23, 2004 arrest. The Government contends that such evidence or information would be prejudicial to the Government and likely to mislead and confuse jurors.

Defendant Rodriguez contends that the evidence of his dismissal would not be introduced as proof that he is innocent of the charges, but rather that such evidence would provide jurors with a full picture of how the Government conducted its investigation and would provide an explanation for why he is charged with a crime that occurred in 2004. Rodriguez argues that precluding such evidence would confuse jurors and cause them to improperly speculate.

The Court finds that the introduction of this evidence would serve to confuse the jury. Rodriguez, for example, concedes that such information cannot be used as proof of innocence, but maintains that the four-year delay between his 2004 arrest and the instant trial requires explanation to the jury. No such explanation is needed; rather, it is the complex explanation surrounding the four-year delay that would confuse jurors, particularly considering that Defendants now stand trial for the same conduct addressed in the dismissals. It is not so unusual for there to be a delay between the time an incident takes place and a subsequent arrest to require an explanation to the jury.

Accordingly, the Government's motion in limine to preclude Defendants from introducing evidence about or otherwise eliciting or referring to the dismissals of Defendants' prior arrests is **GRANTED**.

## II. CO-CONSPIRATOR TESTIMONY

The Government moves this Court to allow it to offer statements of Melo's co-conspirators regarding his role as a tipster

under Federal Rule of Evidence 801(d)(2)(E) ("Rule 801(d)(2)(E)"). Rule 801(d)(2)(E) provides an exception to the rule against hearsay for statements by co-conspirators in furtherance of the conspiracy. As the Court has previously noted, Melo does not oppose this motion, and the Court finds no reason to deny the motion.

Accordingly, the Government's motion in limine addressing the testimony of co-conspirators of Melo is **GRANTED.**

### III. *POST–ARREST STATEMENTS*

The Government moves this Court to preclude the defense from eliciting any evidence or making any argument regarding the post arrest statements of Rodriguez on April 28, 2004 and Melo on June 24, 2004 if the Government does not introduce these statements in its case-in-chief. The Government argues that, should it not introduce the statements, the defense would be precluded from doing so, because they do not fall into any exception to the hearsay rule. Federal Rule of Evidence 801(d)(2)(A) ("Rule 801(d)(2)(A)") allows a party to offer evidence of a hearsay statement of an adversary, but not that of himself.

Rodriguez argues that the statement is not hearsay, because it would not be offered for the truth of the matter asserted, but rather, to allow the jurors to understand the complicated circumstances of the case. The Court finds that under this reasoning, the statement is being offered for the truth of the matter asserted, and therefore, it is hearsay. Rodriguez argues in the alternative, that the statement should be admitted under Federal Rule of Evidence 803(1) as either a present sense impression or an excited utterance. The Court finds that the Statement does not fall within the definition of a present sense impression. Additionally, Rodriguez offers no basis to support his assertion of the excited utterance exception. Finally, be-

cause Melo does not oppose the Motion, the Court finds no reason to exclude his statement from the general rule against hearsay.

Accordingly, the Government's motion in limine to preclude the defense from offering into evidence the post-arrest statements of the Defendants is **GRANTED,** if those statements are not introduced in the Government's case-in-chief.